UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO:

BARBARA SHAPIRO,

        Plaintiff,

v.

CARNIVAL CRUISE LINES, and CARNIVAL
CORPORATION d/b/a CARNIVAL CRUISE LINES, INC.,
a Panama Corporation,

        Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, BARBARA SHAPIRO, by and through her undersigned attorney, and hereby files her Complaint against Defendants, CARNIVAL CRUISE LINE, and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., a Panama Corporation, individually, and states:

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, at all material times, was a resident of Port Richey, Pinellas County, Florida.

3. At all times material hereto, Defendants were foreign corporations licensed to conduct business in the State of Florida, and did conduct business in Florida as CARNIVAL CRUISE LINE, and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., a Panama Corporation, (hereinafter collectively referred to as 'CARNIVAL')

providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the *CARNIVAL SPLENDOR*.

4. Jurisdiction is proper in The United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(c), given that Defendants, CARNIVAL CRUISE LINE, and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., (hereinafter 'CARNIVAL'), has sufficient contacts within the Judicial District to avail itself to the personal jurisdiction of this District.

5. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida.

6. Venue is proper in The United States District Court for the Southern District of Florida pursuant to a forum selection clause in paragraph 13(c) of the Defendant prepared Ticket Contract.

7. On or about October 19, 2016, Plaintiff, BARBARA SHAPIRO, was injured by an employee/agent of Defendant, Carnival, aboard Defendant's vessel during a cruise which originated in Port of Tampa and returned to Port of Tampa, Florida.

8. At that time and place, Defendant had a duty to its paying passengers, including the Plaintiff, BARBARA SHAPIRO, to refrain from directly causing injury to passengers. This duty includes Defendants having their staff use due care and safety in conducting their jobs on a daily basis. Defendant's second duty to its passengers and Plaintiff was to warn of dangerous conditions which CARNIVAL created, knew of, or should have known in the exercise of reasonable caution.

9. On or about October 19, 2016, Defendant breached both its first duty to Plaintiff, BARBARA SHAPIRO, by failing to use reasonable care under the circumstances in an

employee/agent negligently operating the wheelchair of another passenger and sharply pushing the chair into the back of Defendant's foot and ankle.

10. On or about October 19, 2016, Defendant breached its second duty to Plaintiff, BARBARA SHAPIRO, by failing to give warning, directly or indirectly, to Plaintiff that she was in danger of being struck by Defendant's employee/agent.

11. Specifically, as Plaintiff was walking aboard the *CARNIVAL SPLENDOR* toward her point of disembarkation for an excursion in the Cayman Islands, she was struck from behind by a wheelchair that was being pushed by Defendants' employee/agent.

12. Plaintiff had no way of knowing that Defendants' employee/agent would carelessly and negligently push a wheelchair into her.

13. As a proximate result of Defendant's negligent failure to operate the wheelchair in a reasonably safe manner, Defendants' employee/agent created the condition described above, and the Defendant's failure to warn the Plaintiff of the danger, and/or to operate the wheelchair safely, on or about October 19, 2016, Plaintiff, BARBARA SHAPIRO, severely injured her foot, heel, and ankle, among other parts of her body.

14. The aforementioned negligence of Defendant created a hazardous condition to its passengers and to Plaintiff, it was known to Defendant, the condition was created by Defendant, and/or, that such actions occur with such frequency on Defendants' ship and other similar CARNIVAL vessels so as to provide prior notice to CARNIVAL of the dangerousness of Defendant's actions.

15. As a direct and proximate result of Defendant's negligence and Plaintiff's injury, Plaintiff, BARBARA SHAPIRO, suffered physical and mental pain and anguish,

disability, loss of capacity for the enjoyment of life, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, BARBARA SHAPIRO, demands judgment for the stated damages, interest and costs against Defendants, CARNIVAL CRUISE LINE, and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., a Panama Corporation, and any such other relief to which the Plaintiff may be justly entitled.

Respectfully submitted this __13__ day of July, 2017.

Frank D. Butler, Esquire
FBN: 940585
Kelly Ann L. May, Esquire
FBN: 59286
Frank D. Butler, P.A.
10550 U.S. Hwy. 19 North
Pinellas Park, FL  33782
Tel: (727)399-2222
Fax: (727)399-2202
fdblawfirm@aol.com
kmay@fightingforfamilies.com
Counsel for Plaintiff